**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

DAVID LEE DICKINSON,                    :

      Plaintiff,                    :

vs.                    :          CA 16-0153-KD-C

CALLIE V.S. GRANADE,                    :

      Defendant

## REPORT AND RECOMMENDATION

This prisoner action has been referred to the undersigned, in accordance with 28

U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(R) & (S), for appropriate action.

For the reasons stated herein, it is recommended that the Court dismiss this action

based upon Dickinson's failure to prosecute this action by fully complying with the

Court's order entered April 21, 2016 (Doc. 2). As well, the undersigned has screened

Dickinson's "Bill in Equity" in accordance with 28 U.S.C. § 1915A and now

recommends that this action be dismissed, prior to service of process, for failure to state

a claim pursuant to 28 U.S.C. § 1915A, and because it is patently frivolous. Finally, this

Court has a duty *sua sponte* to ensure that it has jurisdiction to entertain this action and

since subject-matter jurisdiction is not apparent from the face of plaintiff's amended

pleading—that is, his "Bill in Equity"—this action is due to be dismissed.

## PROCEDURAL BACKGROUND

On April 25, 2002, Dickinson was indicted (in this Court) on one count of

carjacking, in violation of 18 U.S.C. § 2119, and one count of possessing a firearm during

a crime of violence, in violation of 18 U.S.C. § 924(c). *See United States v. Dickinson,*

Criminal Action No. 02-00078-CG, Doc. 1. By superseding indictment, returned on June 27, 2002, Dickinson was charged again with the aforementioned carjacking and possessing a firearm during a crime of violence, and, as well, was charged with possessing an unregistered firearm, in violation of 26 U.S.C. § 5861(d). *See id.*, Doc. 32. Dickinson entered a counseled guilty plea to Counts 1 and 2 of the superseding indictment—that is, carjacking and possessing a firearm during a crime of violence—on July 26, 2002, *see id.*, Doc. 45, and, on November 13, 2002, he was sentenced to a total term of imprisonment of 166 months, 46 months as to Count 1 and 120 months as to Count 2, the sentence in Count 2 to run consecutive to that in Count 1, *see id.*, Doc. 51. Dickinson's appeal was dismissed in October of 2003, *see id.*, Doc. 57, and his collateral motion to vacate was denied on October 6, 2005, along with his motion to renounce his United States citizenship, *see id.*, Doc. 73.

All was quiet in Dickinson's criminal case for some ten years, until January 29, 2016, when he sent a letter addressed to the Clerk of Court and attached thereto the following: (1) Declaration of Private Citizen Status; (2) Notice of Acceptance and Conveyance; (3) Notice of Appointment and Special Deposit; (4) Notice of Release and Indemnification; and (5) Deed of Trust (legal title to court case). *See id.*, Doc. 74. Through the attached documents, all addressed to the Clerk of Court, Charles R. Diard, Jr., Dickinson purports to: (1) "convert back" to his former status as a private citizen of the United States in accordance with § 1 of the 14th Amendment to the United States Constitution—Declaration of Private Citizen Status; (2) declare he is the *cestui que* trust, as a private citizen, enforcing his equitable rights by claiming a beneficial interest in his criminal case—indeed, his criminal case has become his private property because he has accepted the "deed" to his criminal case—and conveying to the Clerk of Court legal title

2

of the criminal case, as trustee, and to administer the trust as instructed in the Notice of Appointment—Notice of Acceptance and Conveyance; (3) appoint the Clerk of Court as trustee of his criminal case and "requesting" the Clerk of Court "to perform an extinguishment and a full accounting" of his criminal case and grant him any additional equitable relief to which he is entitled—Notice of Appointment and Special Deposit[1]; (4) hold harmless and indemnify the Clerk of Court (as well as Judge DuBose) with respect to any costs, fines, charges, claims, etc., that might arise as a result of treating Dickinson as a private citizen—Notice of Release and Indemnification; and (5) convey to the Clerk of Court a copy of the Judgment in a Criminal Case entered against him on November 13, 2002, the first page of which is covered in Dickinson's handwriting that requests the Clerk to accept "this deed" to his criminal case—Deed of Trust. *See id.,* at 2-12.

Some thirty days following the filing of the above information, on February 29, 2016, Dickinson sent another letter addressed simply to the Clerk of Court and attaching thereto the following "documents": (1) Declaration of Private Citizen Status; (2) Notice of Interest; (3) Notice of Release and Rescission of Signature of Suretyship; (4) Notice of Acceptance and Conveyance; (5) Notice of Appointment and Special Deposit; (6) Notice of Release and Indemnification; and (7) JUDGMENT IN A CRIMINAL CASE (Deed/Legal title to case). *See United States v. Dickinson,* Criminal Action No. 02-00078-CG, Doc. 75, at 1. The attachments to this letter are this time all addressed to

---

[1]   This attached document contains the following "Note" addressed to the Clerk of Court: "Your failure to show cause by disclaimer why you are not the trustee over this case within thirty (30) days from your receipt of this notice, constitutes your **tacit** consent, acceptance, admission, and confession that you are the trustee over this case. Furthermore, your failure to perform your fiduciary duties as instructed above in consequence of your failure to show ca[u]se why you are not the trustee within the time period stated herein, shall result in a breach of trust, and a **Bill in Equity** will be filed against you." *See United States v. Dickinson,* Criminal Action No. 02-00078-CG, Doc. 74, at 4, Notice of Appointment and Special Deposit (emphasis in original).

3

Judge Callie V.S. Granade and purport to accomplish the following for Dickinson: (1) a "conversion back" to his former status as a private citizen of the United States, conferred on the date of his natural birth on March 5, 1980, in accordance with § 1 of the 14th Amendment to the United States Constitution—Declaration of Private Citizen Status, *id.* at 2;[2] (2) a declaration that he is the "beneficiary of the Constitution of the United States, and the *cestui que*[3] of the private business trust created by the State of California on the 5th day of March, 1980 under the name **DAVID LEE DICKINSON**" and that he currently holds 100% beneficial and equitable interest in his criminal case because it (the criminal case) is "trust **res**[4] of the said private business trust," that is, Dickinson himself—Notice of Interest, *see United States v. Dickinson,* Criminal Action No. 02-00078-CG, Doc. 75, at 3; (3) a notification that he is releasing "any and all personal property interest, legal and equitable, in the ***public*** United States citizen 'DAVID LEE DICKINSON,'"—as opposed to his private persona—and in his criminal case—Notice of Release and Rescission of Signature of Suretyship, *id.* at 4; *see also id.* ("I, David Lee Dickinson, intend no longer to be held as Surety[5] for, and hereby Release myself and Rescind my Signature(s) to be held as Surety for the State-created[] public

---

[2]     The undersigned finds interesting Dickinson's apparent belief that he needed to "convert back" to a status he never lost. *Compare id. with* Doc. 73 ("[P]etitioner's motion to renounce United States Citizenship [] is **DENIED**.").

[3]     As utilized by Dickinson, *cestui que* is essentially another name for beneficiary. *See* BLACK'S LAW DICTIONARY, 243 (8th ed. 2004) ( defining *cestui que trust* as "[o]ne who possesses equitable rights in property, usu. receiving the rents, issues, and profits from it; BENEFICIARY.").

[4]     On definition of res is "[t]he subject matter of a trust; CORPUS." *See* BLACK'S LAW DICTIONARY, *supra,* at 1332.

[5]     A surety is "[a] person who is primarily liable for the payment of another's debt or the performance of another's obligation." BLACK'S LAW DICTIONARY, *supra,* at 1482.

United States citizen 'DAVID LEE DICKINSON,' 'DAVID L. DICKINSON,' 'David Lee Dickinson,' or any variations or derivatives of the 'nom de guerre' thereof, and furthermore, I Release myself as Surety for any and all **bonds** that funds the case. Through this notice, I have permanently Released myself as Surety for the public U.S. citizen "DAVID LEE DICKINSON," and am legally bound by this Release in accordance to law."); (4) a notification of his acceptance of his criminal case—more specifically, the judgment—as a private citizen of the United States—and conveyance to Judge Granade of "legal title" to his criminal case "in trust, for the benefit of DAVID LEE DICKINSON, and to establish a private trustee relationship[]"—Notice of Acceptance and Conveyance, *id.* at 5; (5) a notification of appointment of Judge Granade as trustee of his criminal case and accompanying demand that Judge Granade "perform an extinguishment and a full accounting of the case immediately," including that she do all in her power as trustee "to cause the immediate release of [his] **physical body** from imprisonment, and the custody of the Federal Bureau of Prisons[,]" and ordering that she "**make the payment**[]"[6]—Notice of Appointment and Special Deposit, *id.* at 6 (emphasis in original);[7]  (6) a notification purporting to hold harmless and indemnify Judge Granade with respect to any costs, fines, charges, claims, etc., that might arise as a

---

[6]    The undersigned appreciates the "make the payment" order to be referencing the restitution portion of the Judgment, the restitution amount being $14,978.97.

[7]    This attached document contains the following "Note" addressed to Judge Granade: "Your failure to show cause by disclaimer why you are not the trustee over this case within thirty (30) days from the date of your receipt of this notice, constitutes your **tacit** acceptance, admission, and confession that you are the trustee over the case. Furthermore, your failure to perform the fiduciary duties as instructed above in consequence of your failure to show cause why you are not the trustee within the time period stated herein, shall result in a breach of trust, and a Bill in Equity will pursue." *See United States v. Dickinson,* Criminal Action No. 02-00078-CG, Doc. 75, at 6, Notice of Appointment and Special Deposit (emphasis in original).

result of treating Dickinson as a private citizen—Notice of Release and Indemnification; and (7) conveying to Judge Granade a copy of the Judgment in a Criminal Case entered against him on November 13, 2002, all pages of which are covered in Dickinson's handwriting that calls Judge Granade's attention to her acceptance of this "Deed" to his criminal case—JUDGMENT IN A CRIMINAL CASE (Deed/Legal title to case), *see id.*, at 8-14.

All of the foregoing is necessary background inasmuch as it appears that Judge Granade's "failure" to disclaim her "trusteeship" was the impetus for Dickinson filing a self-styled "Complaint for Breach of Trust" in this Court on April 11, 2016. (Doc. 1, at 1-4.) Because it was "unclear to the undersigned exactly what type of case Dickinson has or this Court's jurisdiction to consider his complaint[,]" the undersigned entered an order on April 21, 2016, reading, in relevant part, as follows:

> This lack of clarity derives, in part, from the fact that Dickinson filed in his underlying federal criminal case, that is, *United States v. Dickinson,* Criminal Action No. 02-00078-CG, the very "trust" documents upon which he seeks to base his complaint in this case. (*See* Doc. 1, at 2.) Another complicating factor is that the "relief" Dickinson is seeking in this case is the dismissal of his criminal case and his immediate release from prison. (*See id.* at 2 & 4.) And, finally, if Dickinson, in fact, is attempting to file a civil "breach of contract" action—as opposed to a motion to vacate in accordance with 28 U.S.C. § 2255—he is required to file a motion to proceed without prepayment of costs and fees. *See* 28 U.S.C. § 1915(a)(1) & (2) ("Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress. [] A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the

6

prisoner is or was confined.").

In light of the foregoing, the Clerk's Office is instructed to send to Dickinson a form civil complaint—not a § 1983 form complaint but a generic civil complaint; a form motion to vacate; and a form motion to proceed without prepayment of costs and fees. If Dickinson, in facts, means to file a motion to vacate in accordance with 28 U.S.C. § 2255, given that the relief he seeks is his release from custody, *cf. Heck v. Humphrey,* 512 U.S. 477, 481, 114 S.Ct. 2364, 2369, 129 L.Ed.2d 383 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release."), he need return only that completed form to this Court without the necessity of completing the form motion to proceed without prepayment of costs and fees. *See Anderson v. Singletary,* 111 F.3d 801, 806 (11th Cir. 1997) ("[F]or a section 2255 proceeding, no filing fee is required[.]"); *Brown v. United States,* 2012 WL 3544727, *1 n.1 (D. Md. Aug. 14, 2012) ("There is no filing fee for § 2255 motions."). However, if Dickinson stakes the position that his action is one for "breach of contract/trust," he need complete the form generic civil complaint supplied by the Clerk's Office and thereon identify the specific type of case he has (for example, breach of contract)[8] and the source of this Court's subject matter jurisdiction to consider his complaint. The present complaint's general citation to Article III § 2 of the United States Constitution is not sufficient, *see Royal American Management, Inc. v. WCA Waste Corp.,* 2016 WL 47874, *3 (Jan. 4, 2016) ("[T]here must be a statute granting a federal court jurisdiction under one of the Article III grants of subject-matter jurisdiction. The commonly used statutory grants of federal jurisdiction are found in 28 U.S.C. § 1331 (federal question jurisdiction) and 1332 (diversity jurisdiction)."), and while Dickinson additionally cites to 28 U.S.C. § 1343(a)(4) (Doc. 1, at 1), he does not fully embrace § 1343(a)(4) (*see id.* ("Congress has also given federal district courts jurisdiction of these types of disputes *in the spirit of* 28 U.S.C. section 1343(a)(4)[.]" (some emphasis supplied))), nor does he identify "any Act of Congress providing for the protection of civil rights," upon which he relies, *see* 28 U.S.C. § 1343(a)(4) ("The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . [t]o recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote."). Moreover, as aforesaid, if Dickinson completes the generic civil complaint form provided by the

---

[8]   "In this regard, the undersigned simply seeks to ensure that Dickinson is not bringing this action against Judge Granade in accordance with *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (recognizing a cause of action against federal officials for violations of federal constitutional rights)." (Doc. 2, at 3 n.1, citing *Nalls v. Coleman Low Federal Institution,* 307 Fed.Appx. 296, 297 (11th Cir. Jan. 9, 2009) ("The availability of a cause of action against federal officials in their individual capacities for violations of federal constitutional rights was established in *Bivens*[.]").)

Clerk's Office he must also complete the form motion to proceed without prepayment of fees and costs.

Dickinson is advised that whatever form complaint he files with this Court must be filed not later than **May 20, 2016**. If Dickinson completes the motion to vacate form in accordance with 28 U.S.C. § 2255, the Clerk's Office is instructed to close the present civil action as being improperly opened and file his § 2255 motion to vacate in the underlying criminal case, Criminal Action No. 02-0078-CG. If Dickinson completes the generic civil complaint supplied by the Clerk's Office, the undersigned will consider this amended pleading as the operative pleading in this case. *Compare Rosa v. Florida Dep't of Corrections*, 522 Fed.Appx. 710, 714 (11th Cir. Jun. 26, 2013) ("Under the Federal Rules of Civil Procedure, 'an amended complaint supersedes the initial complaint and becomes the operative pleading in the case.'" (quoting *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011)) *with DeSisto College, Inc. v. Line*, 888 F.2d 755, 757-758 (11th Cir. 1989) (acknowledging as proper the denial as moot of defendant's motion to dismiss the first amended complaint because the plaintiff filed a second amended complaint), *cert. denied*, 495 U.S. 952, 110 S.Ct. 2219, 109 L.Ed.2d 544 (1990). Any generic civil complaint completed by Dickinson must, as aforesaid, be accompanied—not later than **May 20, 2016**—by a completed *in forma pauperis* form which complies with the statutory requirements of 28 U.S.C. § 1915(a)(1) & (2).

Dickinson's failure to comply with this order within the prescribed time or to notify the Court of a change in address could require the dismissal of this action for failure to prosecute and to obey the Court's order.

(Doc. 2, at 1-4.)

On May 18, 2016, Dickinson filed a response to the undersigned's order and therein indicated that he "may have mistakenly invoked the wrong court to hear [his] complaint[;]" that the action he commenced is a "'**private suit in equity**[]'" he expects to be heard by a "'**Court of Chancery**[;]'" and that his action is not a prisoner civil rights action, a motion to vacate, or a civil breach of contract action. (Doc. 3, at 1 (emphasis in original).)

To clear up any misunderstanding and/or lack of clarity on My end, I hereby amend My initial complaint titled "Complaint for Breach of Trust" in good faith to reflect a **"Bill in Equity,"** and invoke the power of the "Court of Chancery" at Mobile, 113 St. Joseph Street, Mobile,

8

Ala. 36602 to hear My equitable claim. See the Bill in Equity enclosed with this notice, marked as "Bill No.: **DLD-050716-BIE."**

In regards to your concerns, whether I am bringing an action against the trustee, Callie V.S. Granade[,] in accordance with "Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) []" or not; I have yet to entertain any such action to bring suit "civilly" against Granade in the "public realm." Even though some of My Constitutional protected rights were restrained without proper jurisdiction to do so, this is not the primary issue at hand. I simply seek the enforcement of the private trust established between Me and Granade, and for a decree to be issued by you against said Callie V.S. Granade, **"in the private,"** ordering her to perform IN FULL her fiduciary duties as specifically instructed in the private trust. See the copy of the Notice of Appointment and Special Deposit enclosed with this notice marked as Exhibit **"D,"** along with other trust documents marked as Exhibits **"A** through **K."**

I hereby respectfully and humbly **reject** and do **reject** you[r] "ORDER," simply because if I use any "statutory or administrative rules, civil procedures, forms, motions complaints, etc., outside of the rules[] and procedures provided by a "Court of Chancery" to obtain an equitable remedy in the public sector, I will risk compromising the private trustee relationship established between Me and Granade mentioned above. Therefore, the amendment of My initial complaint must be considered due to this cause, and the enclosed Bill in Equity . . . recognized as the operative pleading in the case, because[] Equity regards as done that which ought to have been done. See **27A** American Jurisprudence **§ 89.** The rule also states that, ("Where separate legal and equitable courts remain, if an equitable claim is raised in the law court, the case will be transferred to the equity or **chancery court . . ."**) See **27A** American Jurisprudence **§ 175** pg. 714.

(*Id.* at 2 (emphasis in original).) Dickinson's "rejection" of the undersigned's order, entered on the docket on April 21, 2016, extends not only to the instruction to "plead" his case on the court-provided form civil complaint but, as well, to the instruction to file concurrent therewith "a completed *in forma pauperis* form which complies with the statutory requirements of 28 U.S.C. § 1915(a)(1) & (2)." (*Compare id. with* Doc. 2, at 1-3 & 4.) In other words, by "rejecting" the undersigned's order, Dickinson obviously did not comply with the instructions contained in that order.

Reaching beyond Dickinson's "thumbing of his nose" for the moment, the

9

undersigned sets forth the contents of Dickinson's attached "Bill in Equity"—the document Dickinson has stated, in his own words, constitutes "the operative pleading" in this case (Doc. 3, at 2)—as follows:

### Bill in Equity
For Breach of Trust

To the Honorable William E. Cassady, as Chancellor, holding the Chancery Court at, 113 St. Joseph Street, Mobile, Alabama 36606

### Parties

1.     Plaintiff, David Lee Dickinson, is a Sovereign, living, breathing, flesh-and-blood man, one of the "We the People," as a private Citizen of the United States under section **1** of the **14th** Amendment of the U.S. Constitution, and do hereby appear by Special Appearance, sui juris, and is currently imprisoned at the Federal Correctional Complex (Low), FCC, c/o Post Office Box 5000, Yazoo City, Mississippi [39194], but lives in the Alabama Republic, and

2.     Defendant, Callie V.S. Granade, is a living, breathing, flesh-and-blood woman who lives in the Alabama Republic.

### Statement of Claim

3.     On or around the 30th of March 2016, A.D., the plaintiff did enter into a private trustee relationship with the defendant, whom which the said plaintiff appointed as trustee, through a special deposit and conveyed legal title to the court case, under Case No. **1:02-CR-00078-001,** titled as JUDGMENT IN A CRIMINAL CASE. See copy of the attached Notice of Appointment and Special Deposit, marked as Exhibit **"D,"** the Notice of Acceptance and Conveyance marked as Exhibit **"C"** and the JUDGMENT IN A CRIMINAL CASE, marked as Exhibit **"A,"** and made a part of this bill. Among the aforementioned trust documents which were delivered to the defendant, included the following:

a.     Declaration of Private Citizen Status. See copy attached hereto, marked as Exhibit **"B,"**

b.     Notice of Interest. See copy attached hereto, marked as Exhibit **"E,"**

c.     Notice of Release and Rescission of Signature of Suretyship. See copy attached hereto, marked as Exhibit **"F,"**

[d.]     Notice of Release and Indemnification. See copy attached

10

hereto, marked as Exhibit **"G,"** and

       [e.]    Cover Letter. See copy attached hereto, marked as Exhibit **"I."**

       4.    The trust documents stated above in parts (a), (b), (c), (d), [and] (e) . . . of paragraph (**3**) were all delivered to the defendant on or around the 29th day of March 2016[.] . . . All these trust documents, except the cover letter, required a response from the defendant. But from the time the trust documents were first delivered, up to this day, the plaintiff has not received a response.

       5.    In the Notice of Appointment and Special Deposit, . . ., the defendant was demanded by the plaintiff to perform the fiduciary duties as follows:

       A.    to perform an extinguishment and a full accounting of the Case No. **1:02-CR-00078-001,** and to settle, satisfy and discharge all debts, liabilities, etc., held against DAVID LEE DICKINSON; and

       B.    to do everything in the defendant's power as trustee to cause the immediate release of the plaintiff's **physical body** from imprisonment, and the custody of the Federal Bureau of Prisons.

       6.    In the Declaration of Private Citizen Status . . ., the plaintiff notified the defendant of his private Citizen status, and demanded the said defendant to show cause why the said plaintiff was not a private Citizen.

       7.    In the Notice of Interest . . ., the plaintiff notified the defendant that he was a beneficiary of the Constitution of the United States, and the **cestui que** of the private business trust, created by the State under the name, DAVID LEE DICKINSON. The said plaintiff further notified the defendant that he held one hundred [] percent beneficial and equitable interest in the case, under Case No. 1:02-CR-00078-001, and demanded the defendant to show cause why the said plaintiff did not hold one hundred [] percent beneficial and equitable interest in Case No. 1:02-CR-00078-001. The plaintiff further demanded the defendant to show cause why everything else stated in the Notice was not true.

       8.    In the Notice of Release and Rescission of Signature of Suretyship . . ., the plaintiff notified the defendant that he intended to no longer be held as surety for the State-created U.S. public citizen, DAVID LEE DICKINSON a (Private U.S. Business Trust), and released himself and rescinded his signature(s) consenting to be held as surety for all bonds that funds Case No. 1:02-CR-00078-001, and further, the defendant demanded the defendant to show cause why the said plaintiff was not released as surety.

9.     In the Notice of Release and Indemnification . . ., the plaintiff notified the defendant that he held harmless and indemnified the said defendant from all debts, liabilities, penalties, etc., that may have arisen from the defendant's treatment of the said defendant as a private Citizen.

10.     In the Notice of Acceptance and Conveyance . . ., the plaintiff notified the defendant of his acceptance of Case No. 1:02-CR-00078-001, and affixed his hand[]written acceptance on the JUDGMENT IN A CRIMINAL CASE (the trust res), and then conveyed the same as the "legal title" to the case[] back to the said defendant in trust[] for the benefit of DAVID LEE DICKINSON. Lastly, the plaintiff demanded the said defendant to show cause why the plaintiff did not own equitable title to Case No. 1:02-CR-00078-001, and why legal title to this case has not been conveyed to her in trust[] for the benefit of DAVID LEE DICKINSON.

11.     In the Notice of Appointment and Special Deposit . . ., the plaintiff notified the defendant of her appointment as trustee over the court case, under Case No. 1:02-CR-00078-001, and was also granted the said plaintiff's name on special deposit in trust, for the benefit of DAVID LEE DICKINSON for life, and for the purpose of extinguishing all debts, liabilities, bonds, etc., that was held against DAVID LEE DICKINSON. Lastly, the plaintiff demanded the said defendant to make the payment, and to show cause by disclaimer why she was not the trustee.

12.     The defendant has violated her fiduciary duties allocated by the plaintiff as instructed in the aforementioned trust documents described above . . . by her nonresponse and nonperformance, wherein the said defendant was given thirty (**30**) days to carry out IN FULL, and has withheld from the plaintiff[] his just equitable rights in the premises, showing wherein, with clearness and particularity.

13.     The plaintiff duly notified the defendant that her failure to either perform as instructed in the aforemention[ed] trust documents, . . ., or to show cause why everything stated in the said trust documents were not true within the thirty day period, not only constituted the defendant's **tacit** acceptance, admission and confession that everything stated in the trust documents stood as the truth, but also constituted the said defendant's **breach of trust.**

14.     In the creation of the aforementioned private trustee relationship established between the plaintiff and the defendant, certain specified duties were imposed on the defendant; and certain specified rights accrued to the said plaintiff, setting forth these duties, and the rights claimed, with definiteness.

15.     The defendant has failed to respond and to perform in

12

accordance with the fiduciary duties as instructed in the aforementioned trust documents . . . and has **tacitly** accepted, admitted and confessed that everything stated in the trust documents are true, and that the said defendant is knowingly, willfully and intentionally in breach of trust.

### Prayer

16.    From the date the above mentioned trust documents were delivered to the defendant, and every day afterward, the plaintiff has not received a response from her, and as a consequence of the proceeding facts and claims, the plaintiff is entitled to equitable relief; and therefore, **demands** a judgment against the said defendant as follows:

**1st.**   That a subpoena to answer issues against the defendant requiring her[] to answer this bill;

**2nd.**   That a decree issue[] against the defendant ordering her[] to perform IN FULL as follows:

a.    to perform an extinguishment and a full accounting of the Case No. **1:02-CR-00078-001,** and to settle, satisfy, setoff and discharge any and all[] debts, fines, assessments, court costs, liens, restitutions, expenses, interests, claims, fees, taxes, penal sums, charges, orders, judgments, warrants, indictments, encumbrances, bonds, etc., that is imposed on, or held against[,]DAVID LEE DICKINSON regarding Case No. 1:02-CR-00078-001;

b.    to provide the plaintiff with any and all accounting information, stating the exact[] total amount of equitable interest the said plaintiff owns in Case No. 1:02-CR-00078-001; and

c.    to do everything in the defendant's power as trustee to cause the immediate release of the plaintiff's **physical body** from imprisonment, at the Federal Correctional Complex (Low), FCC, c/o Post Office Box 5000, Yazoo City, Mississippi [39194], and from the Federal Bureau of Prisons.

So it is said. So it is done.

(Doc. 3, Exhibit 2, Bill in Equity, at 1-6 (emphasis in original).)

### DISCUSSION

### A.    Failure to Obey the Undersigned's Order Entered on April 21, 2016.

Dickinson, by his own admission, "rejected" the undersigned's order dated April

20, 2016, and entered on April 21, 2016. (*See* Doc. 3, at 2.) Plaintiff's rejection of the

13

undersigned's order—more specifically, the instructions to file his complaint on the generic civil complaint form supplied by the Clerk's Office and to accompany any such pleading with a motion to proceed without prepayment of costs on the form supplied by the Clerk's Office (*compare id. with* Doc. 2, at 1-3 & 4)—is premised on his faulty and conclusory assumption that if he was to utilize any "[]statutory or administrative rules, civil procedures, forms, motions, complaints, etc., outside of the rules[] and procedures provided by a 'Court of Chancery' to obtain an equitable remedy in the public sector," he would "risk compromising the private trustee relationship established between [him] and Granade[.]" (Doc. 3, at 2.) It is clear, however, that since the Federal Rules of Civil Procedure became effective on September 16, 1938, "federal courts have recognized only one form of non-criminal action: the civil action[,]" *Russo v. Hickenlooper,* 2016 WL 67568, *3 (D.Colo. Jan. 6, 2016), citing Fed.R.Civ.P. 2, and those rules "govern procedures in all civil actions in the United States District Courts." *Id.,* citing Fed.R.Civ.P. 1. In other words, "it no longer matters whether the action would have been considered one in equity or in law prior to 1938[,]" as the Federal Rules of Civil Procedure apply to all actions filed in the United States District Courts, including plaintiff's "Bill in Equity," and Dickinson must satisfy the requirements of those rules, *id.,* contrary to his beliefs (Doc. 3, at 2). In addition to complying with the rules of procedure, plaintiff necessarily must comply with the Court's instructions with respect to how to gain access thereto, such as by filing his complaint on a form supplied by the Clerk or by filing this Court's form motion to proceed without prepayment of fees and costs. *See Miller v. Donald,* 541 F.3d 1091, 1096 (11th Cir. 2008) ("The right of access to the courts is neither absolute nor unconditional. Conditions and restrictions on each person's access are necessary to preserve the judicial resource for all other persons."

14

(internal quotation marks and citations omitted)).

Inasmuch as it is clear that an action may be dismissed if the plaintiff fails to prosecute it or if he fails to comply with any court order, Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'"), and Dickinson overtly refused to comply with the contents of the undersigned's order entered on April 21, 2016 (*compare* Doc. 3, at 2 *with* Doc. 2), instead thumbing his nose at the contents of the order, the undersigned recommends that the Court dismiss his action **WITH PREJUDICE**.

      **B.**     **Screening Pursuant to 28 U.S.C. § 1915A and Analysis.**

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or officer to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous when it "'lacks an arguable basis either in law or in fact.'" *Miller, supra,* 541 F.3d at 1100, quoting *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 1831-1832, 104 L.Ed.2d 338 (1989); *see also Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir.) (finding an action frivolous when the district court concludes that it has "little or no chance of success," because, based on the face of the complaint, the legal theories are "indisputably meritless," or the factual allegations are "clearly baseless,"—that is, the complaint "lacks an arguable basis either

in law or in fact"), *cert. denied*, 510 U.S. 893, 114 S.Ct. 254, 126 L.Ed.2d 206 (1993); *see Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir.) (a case is frivolous when it appears the plaintiff has little or no chance of success), *cert. denied*, 534 U.S. 1044, 122 S.Ct. 624, 151 L.Ed.2d 545 (2001); *Clark v. State of Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990) ("A lawsuit is frivolous if the 'plaintiff's realistic chances of ultimate success are slight.'") (quotation omitted)).

A complaint fails to state a claim when it does not include enough factual matter—taken as true—to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). To avoid dismissal for failure to state a claim, the allegations must show plausibility. *Id.* at 557, 127 S.Ct. at 1966. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . [This standard] asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949. In determining whether a claim is stated, the factual allegations are accepted as true, except for conclusory assertions or a recitation of a cause of action's elements. *Id.; Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). In addition to the foregoing, it

need be noted that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed.R.Civ.P. 8(a)(1)-(3).

When considering a *pro se* litigant's allegations, the court holds them to a more lenient standard than those of an attorney, *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998), but it does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 791, 710 (11th Cir. 2010) (relying on *Ashcroft v. Iqbal*, 566 U.S. 662 (2009)).   Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863, 110 S.Ct. 180, 107 L.Ed.2d 135 (1989).

Given that Dickinson seeks to sue Senior United States District Judge Callie V.S. Granade, a judicial employee, it is clearly proper for the undersigned to screen plaintiff's "Bill in Equity" in accordance with 28 U.S.C. § 1915A. *Cf. Yarbrough v. Poole,* 2008 WL 533544, *1 (N.D. Ga. Feb. 26, 2008) (making no mention of an IFP motion or that the prisoner had paid the filing fee and, instead, simply referencing that the matter was before the court on the complaint for preliminary screening in accordance with 28 U.S.C. § 1915A).[9] In this instance, the plaintiff stumbles before he can get out of the gate

---

[9]      Moreover, it is clear to the undersigned that had Dickinson complied with the order entered on April 21, 2016, this Court would have granted any properly-filed IFP motion, particularly since it is clear that plaintiff has continuously been in prison since the filing of

with respect to stating a claim for relief inasmuch as his "Bill in Equity" is bereft of the required "short and plain statement of the grounds for the court's jurisdiction[.]" Fed.R.Civ.P. 8(a)(1). Plaintiff's "Bill in Equity" contains no jurisdictional statement (Doc. 3, Exhibit 2, Bill in Equity, at 1-6), and any argument by plaintiff that his filing of a "Bill in Equity" and referring to the undersigned as a "Chancellor" in a "Chancery Court" suffices to establish jurisdiction is categorically incorrect. *Compare, e.g., Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree[.]" (internal citations omitted)) *with, e.g., Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 105, 65 S.Ct. 1464, 1468, 89 L.Ed. 2079 (1945) ("The suits in equity of which the federal courts have had cognizance ever since 1789 constituted the body of law which had been transplanted to this country from the English Court of Chancery. But this system of equity derived its doctrines, as well as its powers, from its mode of giving relief. In giving federal courts cognizance of equity suits in cases of ***diversity jurisdiction***, Congress never gave, nor did the federal courts ever claim, the power to deny substantive rights created by State law or the create substantive rights denied by State law. This does not mean that whatever equitable remedy is available in a State court must be available in a ***diversity suit*** in a federal court, or conversely, that a federal court may not afford an equitable remedy not available in a State court. . . . State law cannot define the remedies which a federal court must give simply because a federal court in ***diversity jurisdiction*** is available as an alternative tribunal to the State's courts." (internal quotation marks and citation omitted; emphasis supplied)); *Waterman*

---

charges in this case.

*v. Canal-Louisiana Bank & Trust Co.,* 215 U.S. 33, 43, 30 S.Ct. 10, 12, 54 L.Ed. 80 (1909)

("[I]nasmuch as the jurisdiction of the courts of the United States is derived from the **Federal Constitution and statutes**, that, in so far as controversies between citizens of different states arise which are within the established equity jurisdiction of the federal courts, which is like unto the high court of chancery in England at the time of the adoption of the judiciary act of 1789 . . ., the jurisdiction may be exercised, and is not subject to limitations or restraint by state legislation establishing courts of probate, and giving them jurisdiction over similar matters. This court has uniformly maintained the right of Federal courts of chancery to exercise original jurisdiction (***the proper diversity of citizenship existing***) in favor [of] creditors, legatees, and heirs, to establish their claims and have a proper execution of the trust as to them." (emphasis supplied)); and *Russo, supra,* at *4 (where plaintiff filed a Bill in Equity and argued that his action arose under Article III, Section 2, Clause 1 of the Constitution, the court noted that this clause of the Constitution, similar to 28 U.S.C. § 1331 (federal question jurisdiction), "only provides that the judicial power extends to cases arising under the Constitution, federal laws, and treaties."). Because Dickinson did not plead a short plain statement of the grounds for the Court's jurisdiction, in this his amended pleading filed after the undersigned specifically advised him that it was unclear about the basis for the Court's jurisdiction, *see Vaughn v. Postal Employees,* 2014 WL 3540575, *3 (S.D. Ala. Jul. 17, 2014) ("Plaintiff was given an opportunity to correct these deficiencies and was specifically instructed to provide additional facts in his amended complaint regarding the basis for his claims and for the Court's jurisdiction."), it is **RECOMMENDED** that plaintiff's Bill in Equity be dismissed. *See Russo, supra,* at *5.

      In addition to the foregoing, plaintiff's Bill in Equity is due to be dismissed **with**

19

**prejudice** as frivolous. The idea that a federal prisoner who entered a counseled guilty plea to serious criminal charges—carjacking and possessing a firearm during a crime of violence—can unilaterally establish a trust which has as its "res" the criminal judgment setting forth his term of imprisonment (166 months) and other consequences of pleading guilty (that is, restitution ordered in the amount of $14,978.97), name as trustee of such trust (upon her failure to act) the very judge who sentenced him following entry of his guilty plea, and demand she perform certain "fiduciary duties" beneficial to the prisoner (that is, immediately free his "human body" from prison and somehow "take care" of the restitution he has been ordered to pay), to only thereafter sue the sentencing judge in "equity" for breach of trust when she—quite naturally—does nothing "demanded" by the prisoner, represents not only a "indisputably meritless" legal theory but, as well, quintessential hubris.[10]  It is a truism of equity that "'he who comes into equity must come with clean hands[.]'" *Securities & Exchange Comm'n v. Lauer*, 445 F.Supp.2d 1362, 1366 (S.D. Fla. 2006), quoting *Precision Instrument Manufacturing Co. v. Automotive Maintenance Machinery Co.*, 324 U.S. 806, 814, 65 S.Ct. 993, 89 L.Ed. 1381 (1945). Indeed, "[t]he unclean hands doctrine proscribes equitable relief when . . . an individual's misconduct has 'immediate and necessary relation to the equity that he seeks.'" *Henderson v. United States*, _____ U.S. _____, 135 S.Ct. 1780, 1783 n.1, 191 L.Ed.2d 874 (2015), quoting *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245, 54 S.Ct. 146, 78 L.Ed. 293 (1933). Dickinson's misconduct—that is, carjacking and possessing a firearm during a crime of violence—is part and parcel of the trust "res" (*see*

---

[10]     To the extent plaintiff's focus on his "status" as a sovereign private citizen seems to suggest that he may also adhere to a "sovereign citizen" theory, the undersigned simply notes that this theory, along with other theories like "redemption," "have been 'flatly rejected' by numerous courts as 'frivolous, irrational [and] unintelligible." *Alexio v. Obama*, 2015 WL 9216562, *4 (D. Haw. Dec. 16, 2015), quoting *United States v. Alexio*, 2015 WL 4069160, *2-4 (D. Haw. Jul. 2, 2015).

20

Doc. 3, Exhibit 2, at 18-22), and, indeed, without these convictions plaintiff would not have been sentenced to a term of imprisonment for 166 months and ordered to pay restitution and, therefore, would have no need to seek "equity." Stated somewhat differently, a criminal judgment cannot be the "res" of a trust intended to benefit the very person whose misconduct resulted in imposition of the criminal judgment. Because plaintiff's theory of recovery is not cognizable, viable, clean, or, for that matter, particularly intelligible, his amended complaint (that is, his Bill in Equity for Breach of Trust) is due to be dismissed **with prejudice** as frivolous.[11]

### C.     Subject Matter Jurisdiction.

"'A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.'" *Bochese v. Town of*

---

[11]     Presumably, Dickinson is cognizant of this Court's consistent rejection of Uniform Commercial Code arguments vis-à-vis criminal judgments, *see, e.g., United States v. Morrison,* 2013 WL 3974523, *1 & 2 (S.D. Ala. Aug. 1, 2013) (collecting cases, noting that Morrison's filings were baseless, frivolous, irrational and unintelligible, and specifically finding that Morrison's "criminal prosecution (and accompanying criminal judgment entered against [him]) is not and never has been a commercial transaction subject to the Uniform Commercial Code."), and, therefore, has "latched on" to the instant equitable breach of trust theory in a patently obvious attempt to try to "skirt" the requirements of 28 U.S.C. §§ 2244 and 2255(h). This Court should uniformly **REJECT** Dickinson's action in this case and require that he follow the procedures set forth in the foregoing statutory sections before entertaining any arguments that constitute a second or successive collateral attack on his convictions and sentences, *see United States v. Holt,* 417 F.3d 1172, 1175 (11th Cir. 2005) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition."), particularly where, as here, plaintiff seeks immediate release from his confinement. *Compare, e.g., Abella v. Rubino,* 63 F.3d 1063, 1066 (11th Cir. 1995) ("'[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release.'") *with Pugh v. Smith,* 333 Fed.Appx. 478, 480 (11th Cir. Jun. 24, 2009) ("If the district court treats a prisoner's § 1983 claim as a writ for habeas corpus relief because he challenges the fact or duration of his confinement and seeks an immediate release, it is without jurisdiction to consider it if the prisoner has previously filed a habeas petition that was dismissed with prejudice and has not applied to this Court for permission to file a successive application.").

*Ponce Inlet,* 405 F.3d 964, 975 (11th Cir.) (quoting *University of South Alabama v. American Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999)), *cert. denied,* 546 U.S. 872, 126 S.Ct. 377, 163 L.Ed.2d 164 (2005); *see also Brai v. Southern Regional Medical Center,* 2013 WL 4718923, *1 (N.D. Ga. Sept. 3, 2013) ("[T]he Court has a duty *sua sponte* to ensure that it has jurisdiction to entertain a plaintiff's claims."). As previously indicated, federal courts are courts of limited jurisdiction; therefore, "[i]n a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.,* 128 F.3d 1466, 1469 (11th Cir. 1997) (citations omitted), *cert. denied,* 525 U.S. 841, 119 S.Ct. 105, 142 L.Ed.2d 84 (1998). "It is the responsibility of the plaintiff to establish subject matter jurisdiction, and this he must do by 'affirmatively alleg[ing] facts demonstrating the existence of jurisdiction and include[ing] "a short and plain statement of the grounds upon which the court's jurisdiction depends. Fed.R.Civ.P. 8(a)."'" *Smith v. Wood,* 2013 WL 3367107, *2 (N.D. Ala. Jul. 5, 2013), quoting *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994).

As indicated above, plaintiff's amended complaint—his Bill in Equity for Breach of Trust—contains no statement of the grounds upon which this Court's jurisdiction depends. Certainly, Dickinson does not directly cite to any federal statute that confers jurisdiction,[12] and the facts he alleges do not support the existence of diversity

---

[12]   In his prayer for relief, plaintiff seeks issuance of a decree ordering Judge Granade to perform specific acts, including action that would cause the immediate release of his "physical body" from imprisonment. At best, this prayer for relief can be liberally read as a request by Dickinson that this Court issue what amounts to a writ of mandamus to the defendant. *See* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). "However, mandamus relief is 'an

jurisdiction,[13]  nor do they present a federal question[14]. Accordingly, this action need be dismissed because plaintiff has failed to affirmatively allege facts demonstrating the existence of jurisdiction—whether federal question, diversity, or jurisdiction conferred by specific federal statute—over his Bill in Equity.

In addition to the foregoing, dismissal for want of jurisdiction is appropriate in this case because plaintiff's theory of recovery is patently frivolous. *See Davis v. Cluet, Peabody & Co.*, 667 F.2d 1371, 1373 n.7 (11th Cir. 1982) ("'Dismissal for want of jurisdiction is appropriate only if the federal claim is frivolous or a mere matter of form.'" (citation omitted)). As set forth above, plaintiff's theory of recovery is not cognizable because it is readily apparent that a criminal judgment cannot be the "res" of a trust intended to benefit the very person (plaintiff) whose misconduct resulted in

---

extraordinary remedy which should be utilized only in the clearest and most compelling of cases.' *Cash v. Barnhart*, 327 F.3d 1252, 1257 (11th Cir. 2003). Thus, a writ of mandamus is only appropriate if the petitioner demonstrates that: (1) he has a clear right to the relief requested; (2) the respondent has a clear duty to act; and (3) no other adequate remedy is available." *Hankerson v. United States*, 594 Fed.Appx. 608, 609 (11th Cir. Feb. 24, 2015), citing *Cash*, 327 F.3d at 1258. As previously discussed at no small length, plaintiff has no clear right to the relief requested; therefore, to the extent plaintiff's complaint can be read as containing a request for issuance of a writ of mandamus such request is due to be dismissed because mandamus relief is not appropriate.

[13]     "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). In his amended pleading, plaintiff's allegations that both he and the defendant live in Alabama sufficiently destroys diversity jurisdiction in this Court. In addition, he nowhere pleads an amount in controversy exceeding $75,000.

[14]     "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff's Bill in Equity betrays no suggestion that this action arises under the Constitution, laws or treaties of the United States. *Cf. Russo, supra*, at *4 ("Plaintiff's Bill in Equity . . . lack[s] the basic facts necessary to support a conclusion that this case arises under any portion of the Constitution or under any specific federal statute.").

imposition of the criminal judgment;[15]  therefore, this Court lacks the power to entertain plaintiff's claim set forth in his amended complaint, that is, his Bill in Equity. *See Hagans v. Lavine,* 415 U.S. 528, 536-537, 94 S.Ct. 1372, 1378-1379, 39 L.Ed.2d 577 (1974) ("[T]he federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." (internal quotation marks and citations omitted)).

## CONCLUSION

Based on the foregoing, the undersigned recommends that the Court dismiss this action, prior to service, for the following reasons: (1) failure to obey the undersigned's order entered on April 21, 2016; (2) failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and, alternatively, as frivolous in accordance with this same statutory subsection; and/or (3) failure to establish that this Court has subject-matter jurisdiction of this matter. The dismissal of this action should be **with prejudice**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28

---

[15]     Plaintiff is attempting to "force" Judge Granade to absolve him of his own criminal behavior, which is simply not an allegation/claim that resembles a constitutional violation.

U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 1st day of June, 2016.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**